UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HIMATULLAH ZAKI,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondent.

CASE NO. 2:26-cv-02863-BAT

**ORDER GRANTING PETITION, DKT. 6, AND DIRECTING RELEASE**

Immigration detainee Himatullah Zaki petitions the Court to order Respondents to immediately release him from detention; not redetain him without being afforded a hearing before a neutral decisionmaker that he is a flight risk or a danger to the community; and not remove him to a third country. For the reasons below, the Court **GRANTS** the petition as follows.

1. Petitioner, a citizen of Afghanistan, came to the United States in 2014 as a refugee based upon his father's employment with United States forces. In 2024, Petitioner was convicted of robbery and after completing his sentence was placed into immigration custody in July 2025 where he has remained since. Petitioner was ordered removed in October 2025. He appealed but withdrew the appeal making his order of removal final in February 2026.

2. Plaintiff contends his continued detention violates the Due Process Clause of the

Fifth Amendment because his removal is not reasonably foreseeable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner's detention is governed by 8 U.S.C. § 1231 which allows the government to detain a noncitizen during the 90 days following the entry of the removal order, after which the government may detain the noncitizen or release the noncitizen under supervision. § 1231(a)(6). Under *Zadvydas*, detention under § 1231 is limited to "a period reasonably necessary to bring about . . . removal from the United States." 533 U.S. 678 at 689. Detention is presumptively reasonable for six months after the removal period. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. If the government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. A noncitizen's total length of confinement need not be consecutive to reach the six-month presumptively reasonable limit established in *Zadvydas*. *See Nguyen v. Scott*, 796 F.Supp.3d 703, 721-722 (W.D. Wash. Aug. 21, 2025).

3. Here, Petitioner was detained in July, 2025, ordered removed on October 14 2025, appealed and withdrew his appeal on January 6, 2026. Petitioner has been detained for a total of 13 months. He was ordered removed 10.5 months ago, appealed, and withdrew his appeal in January 2026, about 8 months ago; he has been detained at least seven months since his final order of removal became final. The Court thus finds Petitioner's detention is unreasonably prolonged.

4. Petitioner contends he cannot be removed to Afghanistan because he has a recognized fear of persecution; the relationship between the United States and Afghanistan is troubled, and the war between the United States and Iran has significantly complicated removal

of any individual in that part of the world. Petitioner argues Respondents lack a travel document to remove him and have no timeline for removal. The Court finds Petitioner has met his burden to show good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future.

5. Respondents argue the Court should deny relief. They acknowledge while they lack a travel document, they have submitted a request for a travel document on July 2, 2026 and "ERO does not believe that there is a reason to believe that Afghanistan will not issue a travel document for Petitioner." Dkt. 9 at 7. The record shows Respondents have not yet submitted a request for a travel document to Afghanistan. Rather, the Tacoma, Washington ERO office submitted a request packet to its headquarters of Removal and International Operations. Dkt. 11 at 3. "Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur." *See Singh v. Gonzales*, 448 F. Supp. 2d 1214, 1220 (W.D. Wash. 2006). Respondents also claim Afghanistan has not "denied ERO's request for a travel document." Dkt. 9 at 7. But as the record shows Afghanistan has not yet been contacted, the lack of a denial is unsurprising and not evidence removal is likely. The Court accordingly finds Respondents have failed to rebut Petitioner's assertion there is no significant likelihood of removal in the reasonably foreseeable future, and Petitioner is entitled to *Zadvydas* habeas relief.

6. Petitioner requests the Court enjoin Respondents from removing him to a third country in an unconstitutionally punitive manner and provide him with notice and an opportunity to respond to any third country removal attempt in a re-opened removal proceeding. Respondents oppose the request arguing removal to a third country is speculative and there is thus no case or controversy to adjudicate.

7. The Court holds Petitioner must be given sufficient notice of a third country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation. *See Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2419288 at 18 (W.D. Wash. Aug. 21, 2025) (citation omitted). Due process includes the right to "a full and fair hearing, an impartial decisionmaker, and evaluation of the merits of his or her particular claim." *Id.* The due process clause requires the government to "provide a meaningful opportunity to be heard on asylum and withholding claims." *Id.* These requirements "flow directly from binding Ninth Circuit precedent," and to the extent ICE policy contradicts them, it is unlawful. *Id.* at *19 ("It would be impossible to comply both with Ninth Circuit precedent and the policy."). The Court also notes if the government moves forward with removal to a third country without reopening removal proceedings, disregarding the requirements of due process as laid out in *Nguyen*, 2025 WL 2419288, and the Ninth Circuit precedent upon which it relies, Petitioner would be free to move for injunctive relief, demonstrating his entitlement to an injunction, and the likelihood of irreparable harm.

For the reasons above, the Court **ORDERS**:

1. The petition for writ of habeas corpus is **GRANTED**. Dkt. 6.
2. Respondents shall **RELEASE** Petitioner within **24 hour**s of entry of this order; return to him any personal property upon release, including personal identification documents (other than a passport) and employment authorization documents; and file a status report certifying he has been released within **48 hours** of entry of this order. Petitioner asks the Court to order Respondents not require him to wear a GPS monitor upon release. The declines this request because Petitioner was taken directly into ICE custody following completion of his sentence for robbery.

3. Respondents are **PROHIBITED** from redetaining Petitioner without adequate notice of intent to re-detain him and the grounds for redetention, as well as a hearing before a neutral decisionmaker at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community, unless Petitioner (1) violates a condition of release or (2) commits or is convicted of a qualifying offense, or (3) Respondents have secured a travel document and removal is imminent.
4. If Respondents seek to remove Petitioner to a third country, they are **ORDERED** to give him three working days' notice and the opportunity to respond to any third country removal attempt by providing a reopened removal proceeding before an immigration judge.

DATED this 2nd day of September, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge